[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#117)
The plaintiff was injured in an automobile accident on September 16, 1990. She originally brought an action against William Beardsley (hereinafter Beardsley) in this court in July 1991. Because Beardsley was listed as the operator of the vehicle on the police accident report, plaintiff believed he was responsible for her injuries and named him as the defendant. Thereafter, plaintiff received affidavits from Beardsley and a person who, according to the police report, was the owner of the vehicle, one Stephen Tata. These affidavits indicated that Tata was, in fact, the operator of the wrongdoer's vehicle. Based on these affidavits, the plaintiff withdrew her suit against Beardsley. Because Tata was uninsured, the plaintiff commenced this action against her carrier in accordance with her uninsurance provisions. The defendant here impleaded Beardsley, claiming he was the operator. On December 15, 1992, the plaintiff filed an amended complaint alleging Beardsley was the operator of the vehicle in question. The plaintiff, present at a deposition at which Beardsley was deposed, identified Beardsley as the operator of the auto. The defendant Beardsley brings this Motion for Summary Judgment alleging the claim against him is time barred by the Statute of Limitations.
Summary Judgment will be granted only if there is no genuine issue of fact. Strada v. Connecticut News Paper, Inc., 193 Conn. 313
(1984). Connecticut General Statutes 52-595 provides that if a person fraudulently conceals a cause of action, the action will not accrue until the fraud is discovered. The plaintiff has properly plead fraudulent concealment in her reply to Beardsley's CT Page 5014 Special Defense. Whether Beardsley concealed a cause of action is an issue of fact for the court to determine. The plaintiff also argues that the doctrine of equitable estoppel may apply here to prevent the defendant Beardsley from asserting the Statute of Limitations defense. Zoning Commission v. Lescynski, 188 Conn. 724
(1982). Whether Beardsley did do something to induce the plaintiff to act and whether the plaintiff did change her position in reliance thereon are additional fact questions for the court to decide. In any event, the court is convinced there are questions of fact to be decided, and therefore, the defendant Beardsley's Motion for Summary Judgment is denied.
PELLEGRINO, J.